IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MAURICE D. BELL, )
 )
                Petitioner, )
 )
v. )    Case No. 24-3129-JWL
 )
WARDEN, FCI-Leavenworth, )
 )
                Respondent. )
 )
_____)

### **MEMORANDUM AND ORDER**

Petitioner filed *pro se* a petition for habeas corpus pursuant to 28 U.S.C. § 2241. As his sole basis for relief, petitioner claims that he was improperly deprived of good-time credits after disciplinary proceedings relating to alleged escapes while he was housed at a residential reentry center (RRC). Petitioner has now been released from prison at the end of his term of imprisonment, however, and therefore the petition is hereby **dismissed as moot**.

In his petition, petitioner sought as relief restoration of his disallowed credits; release from prison; and shortening of his term of supervised release from three years to two years, as compensation for extra days spent in custody.[1] In her response to the petition, respondent noted that petitioner was scheduled for release from prison at the end of his

---

[1] In its order requiring a response to the petition, the Court dismissed petitioner's additional claim for money damages.

term of imprisonment on September 13, 2024, and she argued that such release would render the petition moot. In his traverse, petitioner disputed that the matter would become moot upon his release. On September 17, 2024, respondent filed notice that petitioner had indeed been released on September 13.

The Court agrees with respondent that petitioner's release renders the petition moot. "A case becomes moot when a plaintiff no longer suffers 'actual injury that can be redressed by a favorable judicial decision.'" *See Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (quoting *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983)). Thus, because petitioner's term of imprisonment has ended, this Court can no longer provide such relief with respect to petitioner's request for release from prison, which claim for relief has therefore become moot. *See id.* Similarly, as respondent points out, good-time credits have no effect after release from prison. *See* 28 C.F.R. § 2.35(b). Petitioner has not disputed that fact or provided any authority suggesting that such credits can directly affect him post-imprisonment. Thus, petitioner's request for restoration of credits is also moot, as restoration would not redress actual injury he is presently suffering.

Petitioner argues in his traverse that his petition is not necessarily moot just because he has completed his term of imprisonment and entered his period of supervised release. Petitioner is technically correct, as being on supervised release can amount to a collateral consequence of a conviction that may serve as the basis for habeas relief, and a petitioner may challenge his sentence if that term of supervised release may be shortened by a favorable ruling. *See Rhodes*, 676 F.3d at 933. The key question, however, is whether supervised release constitutes a *redressable* collateral consequence in a given case, *see id.*,

2

and in the present case, any actual injury to petitioner in serving an excessive sentence – including an excessive term of supervised release -- cannot be redressed by this Court.

Petitioner seeks an order shortening his term of supervised release as compensation for extra days that he allegedly served in prison because of improperly-disallowed credits. The Tenth Circuit ruled in *Rhodes*, however, that modification of a term of supervised release resides within the sole discretion of the sentencing court. *See id.* "United States Supreme Court precedent, moreover, clearly prohibits habeas courts . . . from modifying a supervised release term to make up for a too-long prison sentence." *See id.* at 933-34 (citing cases). Thus, because this Court cannot redress any injury to petitioner by modifying his term of supervised release, that request too must be dismissed as moot. *See also Battle v. Hudson*, 2020 WL 8834789, at *2 (D. Kan. June 15, 2020) (Lungstrum, J.) (citing *Rhodes* in dismissing petition for mootness after petitioner's release).

Finally, petitioner argues in his traverse that the case should not be deemed moot because a favorable ruling on the merits of his claim could be used by him either in seeking modification of his term of supervised release before the sentencing court or in seeking damages in a later suit. The Tenth Circuit foreclosed such an argument in *Rhodes*, however. *See Rhodes*, 676 F.3d at 934-35. The court held in *Rhodes* that a request for a favorable ruling is moot if it has no more than a speculative chance of affecting the petitioner in the future, and that it was "entirely speculative" whether a declaration that his sentence proved excessive could aid that petitioner in a later application to the sentencing court for a discretionary modification of the term of supervised release. *See id.* at 935. Petitioner's argument that a favorable ruling here could help him before the sentencing

court is similarly speculative, as is his argument that such a ruling could lead to a damage award in another court.

Accordingly, this Court cannot redress any actual injury to petitioner in any way that is more than speculative in nature, and the petition must therefore be dismissed as moot.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **dismissed as moot**.

IT IS SO ORDERED.

Dated this 23rd day of September, 2024, in Kansas City, Kansas.

       /s/  John W. Lungstrum  
Hon. John W. Lungstrum  
United States District Judge